## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

T-MOBILE DATA SECURITY BREACH
LITIGATION

MDL DOCKET NO. 3019

### JOINT INTERESTED PARTY RESPONSE OF THE PERALTA GROUP PLAINTIFFS TO MOTION TO TRANSFER TO WESTERN DISTRICT OF WASHINGTON FOR <u>PRETRIAL PROCEEDINGS</u>

Plaintiffs Stephanie Peralta, Keith Grady, Michael Jones, Demetris Hill, Norma Savick, Mark Savick, David Winkler, and Cory Barton (the "Peralta Group Plaintiffs") respectfully submit this response to the pending motion for transfer submitted pursuant to 28 U.S.C. § 1407 by plaintiffs Veera Daruwalla, Michael March, and Lalvicieia Sturdivantin of the case styled *Daruwalla, et al. v. T-Mobile USA Inc.*, No. 2:21-cv-01118, U.S. District Court for the Western District of Washington (collectively, "Movants"), which Motion was filed on August 23, 2021 (ECF Doc. No. 1) (the "Motion"). The Peralta Group Plaintiffs object to Movants' request to transfer all pending putative class actions arising out of T-Mobile USA, Inc.'s ("T-Mobile") data breach incident (the "Data Breach") to the Western District of Washington and respectfully request the Judicial Panel on Multidistrict Litigation (referred to herein as the "JPML" or "Panel) transfer all pending actions to the Western District of Oklahoma for assignment to the Honorable Judge Joe L. Heaton ("Judge Heaton") or, alternatively, to the Western District of Missouri.

### <u>INTRODUCTION</u>

Through the Data Breach, cyber criminals infiltrated T-Mobile's inadequately protected systems where sensitive personal information belonging to its former, current, and prospective customers was being kept, unprotected. Tens of millions of individuals' personally identifiable

information ("PII") was impacted and is now being sold on the dark web.[1] The Peralta Group Plaintiffs assert, for the reasons set forth below, that the best transferee forum for the pending actions against T-Mobile is the Western District of Oklahoma or, alternatively, the Western District of Missouri.

## ARGUMENT

All of the putative class action complaints filed against T-Mobile in federal court since August 19, 2021 address the same ongoing underlying negligent conduct by T-Mobile. Coordination is necessary to avoid duplicative discovery, promote just and efficient conduct of these cases, and prevent inconsistent rulings. Transfer to the Western District of Oklahoma before the Honorable Judge Heaton brings all cases in this nationwide multi-case action to a centralized court with an experienced jurist. Judge Heaton has significant experience presiding over complex litigation, as set forth in further detail herein. The Western District of Oklahoma is geographically central to all parties and cases, as well as all witnesses and evidence that is spread throughout the United States. Oklahoma City boasts non-stop air travel to both coasts and cost-effective hotels and other services, as well as a sophisticated courthouse and district court clerk.

## I.      Transfer and Coordination Pursuant to 28 U.S.C. § 1407 is Appropriate.

The JPML is authorized under 28 U.S.C. § 1407 to transfer actions sharing common questions of fact to a single district for coordinated or consolidated pretrial proceedings. The Peralta Group Plaintiffs respectfully submit that, in this case, there is no question that centralization of the cases is appropriate. A detailed recitation of the well-known standard is not necessary.

---

[1] *See* https://www.pymnts.com/news/security-and-risk/2021/hackers-reportedly-selling-data-on-100m-t-mobile-users/.  (last accessed September 10, 2021).

II.    **The Western District of Oklahoma is the Most Appropriate Venue for the Transfer of These Actions.**

The Peralta Group Plaintiffs submit that the Panel should transfer all pending putative class actions against T-Mobile to the Western District of Oklahoma for centralized and expedited case management. The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for coordination and involves a "balancing test based on the nuances of a particular litigation[]" that considers several factors. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977).

A.    **The Western District of Oklahoma has the Expertise and Resources Necessary to Manage the Related Actions.**

The JPML should consider whether a potential transferee forum has the necessary time, resources and expertise to handle consolidated litigation. *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006) (transferring to a district that "is well equipped with the resources that this complex antitrust docket is likely to require"); *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) (concluding that the transferee forum was "equipped with resources that this complex antitrust docket is likely to require"); *In re Fed. Nat. Mortgage Ass'n Sec. Derivative & "ERISA" Litig.*, 370 F. Supp. 2d 1359, 1380 (J.P.M.L. 2005) (concluding that the transferee forum "possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require").

The Western District of Oklahoma is well equipped with the resources that this complex data breach class action is likely to require. The Western District of Oklahoma does not currently

have any active MDL proceedings,[2] and its current caseload is very manageable given that its pending case total has remained steadily below 2,000 over the last five years, demonstrating that it is in a good position to take on this MDL.[3] The most recent Federal Court Management and Caseload Statistics show that the Western District of Oklahoma is not unduly congested, and that it has the capacity to handle this litigation.[4]

In an MDL matter, "[t]he percentage of cases over three years old is an especially useful basis for comparing various court dockets." D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17 at 210-11 (2008). The Western District of Oklahoma has only 4.7% of its civil cases pending for three years or more.[5] For comparison, the Western District of Washington has 5.1%, the Northern District of California has 9.9%, and the District of New Jersey has 19.2% of cases pending for three years or more.[6] The importance of the median time to disposition in the district courts has also been previously recognized by the Panel as an important consideration. *See In re Nat. Student Mktg. Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1972). The Western District of Oklahoma's median time from filing to disposition of civil cases is a mere 8.9 months.[7]

Of particular concern as it relates to the Movants' Motion is the fact that Movants' proposed transferee forum, the Western District of Washington, currently has *five judicial*

---

[2] *See* CM/ECF for JPML (LIVE)-JPML Litigation Statistics by MDL (uscourts.gov) (last accessed September 10, 2021).
[3] Meanwhile, the Western District of Washington currently shows a pending caseload of 3,297, while the Northern District of California has a crushing load of 14,157 (*see* fcms_na_distprofile0630.2021.pdf (uscourts.gov)).
[4] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf (last accessed September 10, 2021).
[5] *Id*.
[6] *Id*.
[7] *Id*.

*vacancies* that need to be filled.[8] The Western District of Oklahoma has none.[9] This Panel has selected the Western District of Oklahoma for multidistrict litigation in the past when it had favorable docket conditions, as it does here. *See In re TransData Inc., Smart Meters Patent Litig.* 830 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011) (selecting the Western District of Oklahoma as transferee forum, noting that "the relative docket conditions in this district are more favorable than other proposed transferee forums"); *In re Farmers Ins. Co., Ins. Premiums Litig.*, 295 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (selecting the Western District of Oklahoma based, in part, on the judge's favorable caseload).

The above-referenced facts demonstrate the Western District of Oklahoma's ability to resolve this case in a timely and efficient fashion. The Western District of Oklahoma's prior experience handling MDLs also showcases its ability to resolve this case in a timely and efficient fashion. Indeed, the Western District of Oklahoma is optimally situated, experienced, and capable of effectively managing a complex litigation like the proposed MDL and the Panel should select the Western District of Oklahoma as the transferee forum as it has done in the past (see *supra*).

### B.   The Western District of Oklahoma is Easily Accessible to the Parties and Witnesses.

The members of the nationwide putative classes reside throughout the United States, and T-Mobile and its business affiliates are similarly based in different states throughout the country, with large employee bases in the states surrounding Oklahoma.[10] As a result, no one state has a particular localized interest in the dispute. And because the alleged conduct and alleged injuries

---

[8] *See* https://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last accessed September 10, 2021).
[9] *Id*.
[10] T-Mobile has over 670 stores in Texas, 72 stores in Oklahoma, 45 stores in New Mexico, 130 stores in Colorado, 53 stores in Kansas, 104 stores in Missouri, and 43 stores in Arkansas, with thousands of employees spread across these states alone. *See* https://www.t-mobile.com/store-locator/tx. T-Mobile had over 75,000 employees nationwide in the year 2020. *See* https://www.statista.com/statistics/483653/t-mobile-us-employees/.

occurred nationwide, the relevant documents and witnesses will likely be just as scattered as the parties themselves, such that no one forum can offer the "ease of access to sources of proof." *In re Volkswagen of Am., Inc.* 545 F.3d 304, 316 (5th Cir. 2008).

And even if one forum could potentially offer such "ease of access," all access to critical documentary evidence relevant to the parties' claims and defenses arising out of the Data Breach will also be available electronically or via "cloud" servers, no matter its physical location. Thus, location based on the physical address of one of T-Mobile's corporate offices – although a helpful consideration for the JPML to make – should not be a controlling factor. There will be no documentary evidence resulting from a 21st century data breach that cannot be electronically accessible and interchangeable between the parties. Thus, the argument made by Movants that transferring the centralized actions to the Western District of Washington would provide easy access to documentary evidence is an outdated argument that becomes moot considering the ease of access, by electronic means, to documentary evidence. Any relevant documents can be accessed by the parties from anywhere in the country.

Given the wide-ranging locations of the parties, the potential evidence, and counsel, the most convenient forum would be one that is easily accessible via air travel. *See In re Jamster Mktg. Litig.*, 427 F.Supp.2d 1366, 1368 (J.P.M.L. 2006) (concluding that transferee forum is appropriate because it "provides an accessible metropolitan location that is equipped with the resources that this docket is likely to require"). The Western District of Oklahoma is a large urban court that is well-equipped to handle this litigation. Oklahoma City is accessible to both coasts with non-stop flights. It also has ample, affordable hotels for the rare occasion when any large group of lawyers may need to be present, in person, for a hearing.

6

III.   **The Honorable Judge Heaton of the Western District of Oklahoma Should Preside Over this MDL.**

One of the most important considerations the Panel faces is whether the judge assigned to the case has the necessary experience and the appropriate temperament to handle a large, complex civil action. *See In re Paxil Products Liab. Litig.*, 296 F. Supp. 2d 1374, 1374 (J.P.M.L. 2003) (cases transferred where judge was experienced and district had capacity to handle the litigation); *In re Vision Serv. Plan Tax Litig.*, 484 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007) ("[W]e are assigning this litigation to an experienced jurist with the ability to steer this litigation on a prudent course"); *In re African-Am. Slave Descendants Litig.*, 231 F. Supp. 2d 1357, 1358 (J.P.M.L. 2002) (transferee forum is proper where "the judge assigned to the action pending in this district is a seasoned jurist who can steer this litigation on a steady and expeditious course"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) ("[W]e have searched for a transferee judge with the time and experience to steer this litigation on a prudent course"). When, as here, there is no geographical focal point because the litigation is national in nature, it is prudent to focus on the "transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007).

The *Peralta et al. v. T-Mobile USA, Inc.* (Case No. CIV-21-838-HE) case filed in the Western District of Oklahoma has been assigned to Judge Heaton. Judge Heaton, appointed to the Western District of Oklahoma in 2001 by President George W. Bush, is a very capable and experienced jurist with MDL experience who can facilitate a swift and efficient resolution of the claims of each victim of this devastating Data Breach. Judge Heaton, who assumed senior status on July 1, 2019, has the time and availability necessary to effectively handle this matter. A highly credentialed and experienced class action jurist, Judge Heaton has demonstrated his capacity to

handle this MDL through his prior experience handling the General Motors Corp. "Piston Slap" products liability litigation. *See In re: General Motors Corporation, "Piston Slap" Products Liability Litigation*, No. MDL 04-1600; *see also In re Gen. Motors Corp. Piston Slap Prod. Liab. Litig.*, 314 F. Supp. 2d 1386, 1388 (J.P.M.L. 2004) (ordering transfer of multiple cases to the Western District of Oklahoma, noting that it "is a district equipped with the resources that this complex docket is likely to require"). Judge Heaton has successfully managed other similarly complex litigations for over two decades and has proven trial management skills that can be leveraged and applied here. Moreover, Judge Heaton has gained a well-earned reputation for effective and timely case management, with his median days to rule on motions to dismiss, motions to certify a class, and motions for summary judgment being well below the Western District of Oklahoma median, as shown below.



    *See* Westlaw Litigation Analytics (Hon. Joe Heaton, United States District Court, Western Oklahoma).

Judge Heaton's substantial and varied trial experience is undeniable. The skills that Judge Heaton has developed and perfected over his years of practice as attorney and as judge are essential to effectively steering a case such as this, which impacts millions of individuals across the country. His proven expertise in managing complex civil litigation and MDL matters and the fact that he is not currently presiding over an MDL and has more time to dedicate to this litigation as a senior judge should weigh in favor of a transfer of the centralized actions to his court if the JPML ultimately grants Movants' request to centralize the actions.

**IV.   Alternatively, the Peralta Group Plaintiffs Support Transfer to the Western District of Missouri.**

The Western District of Missouri would also be a strong candidate for many of the same reasons that would support a transfer to the Western District of Oklahoma.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Peralta Group Plaintiffs respectfully request that the JPML deny Movants' request to transfer to the Western District of Washington and transfer the pending, centralized actions, and any others that may be subsequently filed, to either the Western District of Oklahoma or the Western District of Missouri.

Dated: September 14, 2021                    Respectfully submitted,

*s/ William B. Federman*_____
William B. Federman, OBA #2853
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK  73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com