BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION

MDL No. 3019

RESPONSE OF PLAINTIFF VALERIE ROGOFF TO
MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF
WASHINGTON PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS

INTRODUCTION

Plaintiff Valerie Rogoff, plaintiff in the matter of *Rogoff v. T-Mobile, USA, Inc.*, No. 2:21-cv-01157 (W.D. Wash.), submits this brief in support of coordination or consolidation of all scheduled actions (the "Scheduled Actions") pursuant to 28 U.S.C. § 1407 and respectfully requests transfer of all actions to the Western District of Washington for consolidated proceedings before the Honorable Barbara J. Rothstein. The twenty-seven actions that now comprise this multidistrict proceeding arise out of the same data breach that impacted over 54 million victims.[1]

---

[1] The twenty-seven Scheduled Actions are as follows:
**Western District of Washington (16 cases):** *Daruwalla v. T-Mobile USA, Inc.*, No. 2:21-cv-01118; *Espanoza v. T-Mobile USA, Inc.*, No. 2-21-cv-01119; *Carp v. T-Mobile USA, Inc.*, No. 2:21-cv-01130; *Lam v. T-Mobile USA, Inc.*, No. 2-21-cv-01137; *Donovan v. T-Mobile USA, Inc.*, No. 2:21-cv-01138; *Hughes v. T-Mobile USA, Inc.*, No. 2:21-cv-01139; *Villalon v. T-Mobile USA, Inc.*, No. 2:21-cv-01148; *Norris v. T-Mobile USA, Inc.*, No. 2:21-cv-01153; *Rogoff v. T-Mobile USA, Inc.*, No. 2-21-cv-01157; *Schupler v. T-Mobile USA, Inc.*, No. 2:21-cv-01161; *Harper v. T-Mobile US, Inc.*, No. 2-21-cv-01169; *Akins v. T-Mobile USA, Inc.*, No. 2:21-cv-01179; *Simaan v. T-Mobile USA, Inc.*, No. 2:21-cv-01181; *Avery v. T-Mobile USA, Inc.*, No. 2:21-cv-01189; *Huerta v. T-Mobile USA, Inc.*, No. 2:21-cv-01183; *Hamilton-Bynum v. T-Mobile USA, Inc.,* No. 2:21-cv-01190.
**Northern District of California (2 cases):** *Thang v. T-Mobile US, Inc.*, No. 5:21-cv-06473; *Avrech v. T-Mobile USA, Inc.*, No. 5:21-cv-06660.
**Western District of Oklahoma (1 case):** *Peralta v. T-Mobile USA, Inc.*, No. 5:21-cv-00808-HE
**Southern District of Texas (1 case):** *Winkler v. T-Mobile USA, Inc.*, No. 7:21-cv-00322
**Western District of Missouri (1 case):** *Hill v. T-Mobile USA, Inc.*, No. 2:21-cv-04164
**Northern District of Georgia (1 case):** *Vash v. T-Mobile US, Inc.*, No. 1:21-cv-03384
**Eastern District of New York (1 case):** *Metzger v. T-Mobile USA, Inc.*, No. 1:21-cv-04721
**District of New Jersey (4 cases):** *Savick v. T-Mobile USA, Inc.*, No. 3:21-cv-16005; *Sadrgilany v. T-Mobile USA, Inc.*, No. 3:21-cv-16155; *Christie v. T-Mobile USA, Inc.*, No. 3:21-cv-16181; *Delerme v. T-Mobile USA, Inc.*, No. 3:21-cv-16299.

1

The Scheduled Actions overlap in virtually all material respects, sharing many questions of fact and law and alleging overlapping nationwide classes.

In order to prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings or class determinations, the Panel should transfer the Scheduled Actions to a single District pursuant to § 1407 for coordinated or consolidated pretrial proceedings. The Western District of Washington is the proper transferee District because, among other reasons: (a) Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") is headquartered there; (b) almost 60% of the Scheduled Actions currently are pending in that District; and (c) the Western District of Washington already has begun coordinating the actions pending in that District by assigning each action to the Honorable Barbara J. Rothstein, an experienced jurist who can capably and efficiently manage the actions. In short, centralization and coordination in the Western District of Washington best further § 1407(a)'s dual objectives of promoting convenience and the just and efficient conduct of the actions.

## FACTUAL BACKGROUND

*The Data Breach*

Defendant is headquartered in Bellevue, Washington in the Western District of Washington. In August 2015, Defendant experienced a massive data breach involving over 54 million current, prospective and former customers (the "Data Breach"). As a result of the Data Breach, victims' highly sensitive personal information was obtained by hackers and posted for sale on the dark web. Among the data obtained by hackers was Social Security numbers, government identification numbers, driver's license numbers, dates of birth, names, addresses, phone numbers and unique mobile device identifier information – namely, International Mobile Equipment Identity ("IMEI") numbers and International Mobile Subscriber Identity ("IMSI") numbers. After

news of the Data Breach became public, Defendant admitted the harm caused to victims by offering two years of identity protection services.

*The Scheduled Actions*

Since the Data Breach became public, twenty-seven actions have been filed against Defendant[2] in eight separate judicial districts. In general, the Scheduled Actions allege various common-law and state statutory claims arising out of the Data Breach on behalf of nationwide classes and various subclasses.

A majority of the twenty-seven actions – sixteen – are pending in the Western District of Washington. The Western District of Washington has already begun organizing the cases by assigning them to a single judge – the Honorable Barbara J. Rothstein. The remaining Scheduled Actions are spread out over the other seven judicial districts, with none of those districts having more than four actions.[3]

*Efforts to Coordinate the Cases*

In an effort to determine the viability of alternatives to a § 1407 transfer, undersigned counsel has organized multiple meetings of Plaintiffs' counsel to discuss the issue. At present, an alternative to a § 1407 transfer does not exist.

## ARGUMENT

I. **Legal Standards.**

Pursuant to 28 U.S.C. § 1407(a), "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district . . . upon [the Panel's] determination that transfers for such proceedings will be for the convenience

---

[2] As set forth in Footnote 1, three of the actions identify the defendant as T-Mobile US, Inc., as opposed to T-Mobile USA, Inc.

[3] Three of the four actions pending in the District of New Jersey have overlapping, but not identical, counsel.

of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also Manual for Complex Litigation*, § 20.131 (4th ed. 2016). "[T]he prevalence of common factual issues and similar class allegations necessitates transfer of all actions to a single district for coordinated or consolidated pretrial proceedings under Section 1407 in order to prevent duplication of discovery and eliminate the possibility of inconsistent or overlapping class determinations." *In re: U.S. Fin'l Sec. Litig.*, 375 F.Supp. 1403, 1404 (J.P.M.L. 1974). As set forth in the *Manual for Complex Litigation*, in selecting a transferee forum, the panel should consider "the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Manual for Complex Litigation*, § 20.131 (4th ed. 2016).

Transfer under § 1407 does not require a "complete identity or even majority of common factual issues . . . ." *In re: Zyprexa Prod. Liab. Litig.*, 314 F.Supp.2d 1380, 1381 (J.P.M.L. 2004). Similarly, "the applicability of different legal principles will not prevent the transfer of an action under section 1407 if the requisite common questions of fact exist." *In re: Antibiotic Drugs*, 309 F.Supp. 155, 156 (J.P.M.L. 1970). Before seeking transfer, parties should first consider all other options. *See In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L. 2011) ("*Best Buy Litig.*").

**II.   The § 1407(a) Considerations Weigh in Favor of Transfer to the Western District of Washington.**

    **A.   The Actions Involve One or More Common Questions of Fact.**

The Scheduled Actions share common questions of fact, thereby satisfying the threshold transfer factor under § 1407(a). Specifically, the Scheduled Actions arise out of the Data Breach and allege that the breach resulted from Defendant's failure to implement proper security precautions. Moreover, the Scheduled Actions share common legal questions and assert claims on

behalf of overlapping nationwide classes. Given the overlapping nature of the cases, in order to prevent duplicative discovery, as well as inconsistent pretrial rulings and class determinations, transfer pursuant to § 1407 is proper. Such a result is consistent with what the Panel has done when presented with similar large-scale data breach cases. *See, e.g., In re: Marriott Int'l, Inc., Customer Data Security Breach Litig.*, 363 F.Supp.3d 1372, 1374 (J.P.M.L. 2019) (ordering transfer of cases for consolidated pretrial proceedings because they arose out of the same data breach and made similar factual allegations).

Recognizing that transfer under § 1407 is the exception, not the rule, as discussed above, undersigned counsel organized meetings of Plaintiffs' counsel to explore alternatives to a § 1407 transfer. Presently, an alternative does not exist.

**B.** **Transfer to the Western District of Washington Serves the Convenience of the Parties and Promotes the Just and Efficient Conduct of the Actions.**

The factors for selecting a transferee forum weigh in favor of the Western District of Washington. Defendant is headquartered in Bellevue, Washington in the Western District of Washington. As the Panel has previously found, "relevant documents and witnesses thus likely will be found there." *See In re: Marriott Int'l, Inc., Customer Data Security Breach Litig.*, 363 F.Supp.3d at 1374-75; *see also In re: Equifax, Inc., Customer Data Security Breach Litig.*, 289 F.Supp.3d 1322, 1326 (J.P.M.L. 2017). Further, almost 60% of the Scheduled Actions are pending in the Western District of Washington, while no other district has close to a majority of the actions. *See In re: Marriott Int'l, Inc., Customer Data Security Breach Litig.*, 363 F.Supp.3d at 1375 (considering that "far more actions are pending in [district to which Panel ordered transfer] than in any other district."); *see also In re: Equifax, Inc., Customer Data Security Breach Litig.*, 289 F.Supp.3d at 1326 (same). Moreover, the median time between case filing and disposition in the Western District of Washington is a mere 7.8 months, which is favorable when compared with

most of the other judicial districts where Scheduled Actions are pending and only slightly higher than those districts with a lower median number (N.D. Cal. – 10.8 months; D.N.J. – 10.1 months; E.D.N.Y. – 8.8 months; S.D. Tex. – 8.6 months; W W.D. Okla. – 8.3 months; D. Mo. – 7.3 months; N.D. Ga. – 6.5 months). *See* Federal Judicial Caseload Statistics, Table C-5, U.S. District Courts – Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending Mar. 31, 2021. Finally, Judge Rothstein is an experienced jurist who will efficiently and capably administer this multidistrict proceeding, and the Western District of Washington is located near a major international airport.

## CONCLUSION

For the foregoing reasons, Plaintiff Rogoff respectfully requests that the Panel transfer the Scheduled Actions to the Western District of Washington for coordinated pretrial proceedings before the Honorable Barbara J. Rothstein.

Dated: September 14, 2021            Respectfully submitted,

**LOEVY & LOEVY**

/s/ Scott R. Drury
Scott R. Drury (drury@loevy.com)
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)
***Plaintiff's Counsel in Rogoff v. T-Mobile USA, Inc., No. 2:21-cv-01157 (W.D. Wash.)***