BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

In re: T-MOBILE DATA BREACH  )
LITIGATION                   )   MDL Docket No. 3019
                             )
                             )
                             )

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Since Plaintiffs Veera Daruwalla, Michael March, and Lavicieia Sturdivant ("Plaintiffs") filed their Motion for Transfer, consumers around the country have filed at least 25 additional class actions against T-Mobile arising out of its data breach. As those additional complaints and the responses to Plaintiffs' Motion for Transfer make clear, transfer to the Western District of Washington for coordination or consolidation is still the most appropriate choice for the Panel. Of the 16 responses to Plaintiffs' petition, *all* are in favor of coordination or consolidation. Nine either support or have no objection to Plaintiffs' request for transfer to the Western District of Washington. *See* Dkt. Nos. 41, 43, 44, 47, 50, 53, 54, 56, 57, 58.

Indeed, over half of the cases against T-Mobile are already pending in the Western District of Washington. Since Plaintiffs filed their Motion for Transfer, all the actions currently pending in the Western District of Washington have been assigned to the Honorable Barbara J. Rothstein, an experienced jurist who has not only acted as an MDL transferee judge, but has co-authored a guide on MDL management. *See* Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict Litigation in Products Liability Cases* (2011). Judge Rothstein is therefore well-equipped to handle this litigation and an appropriate transferee judge.

1

Defendant T-Mobile acknowledges that the Western District of Washington is home to its primary corporate headquarters "where there are likely to be relevant documents and potential witnesses." *See* Dkt. No. 49 at 5–6. Early reports suggest that the breach at issue occurred at a T-Mobile data center outside East Wenatchee, Washington.[1]

T-Mobile also recognizes that the judges of the Western District of Washington are both respected and hardworking. Dkt. No. 49 at 5–6. It nevertheless spends a significant portion of its Opposition arguing that the Western District of Washington is too overwhelmed to handle an MDL because the district has five judicial vacancies. T-Mobile's concerns are both misplaced and outdated. For one, since T-Mobile filed its brief, the Senate confirmed a new judge to the Western District of Washington.[2] Additionally, the Western District of Washington is significantly less burdened than many courts to which this Panel frequently sends MDLs. For example, the Northern District of California has three judicial vacancies that the Judicial Conference has deemed judicial emergencies (just one fewer than the Western District of Washington), and a weighted filings per judgeship of 662—over two hundred more than the Western District of Washington.[3] Yet the Northern District of California has 22 pending MDLs, while the Western District of Washington has *none*.[4] And the district T-Mobile supports—the Western District of Missouri—already has six pending MDLs. *See id*.

---

[1] *See* Drew FitzGerald & Robert McMillan, *T-Mobile Hacker Who Stole Data on 50 Million Customers: 'Their Security is Awful,'* The Wall Street Journal (Aug. 26, 2021), https://www.wsj.com/articles/t-mobile-hacker-who-stole-data-on-50-million-customers-their-security-is-awful-11629985105?mod=hp_lead_pos10.

[2] *See* David G. Estudillo – The Judiciary, https://www.congress.gov/nomination/117th-congress/562. Two additional nominations remain pending.

[3] *See* "Judicial Emergencies." https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies.

[4] Similarly, the Central District of California has six judicial vacancies that the Judicial Conference has deemed judicial emergencies, and a weighted filings per judgeship of 716—yet the district has five pending MDLs. The Southern District of California has seven judicial

T-Mobile also complains that Judge Rothstein is currently a visiting judge in Washington, DC. But this temporary assignment hardly disqualifies her given the availability of virtual hearings and easy accessibility to Washington, DC. Moreover, this MDL will not be heard until December, and it is unclear where Judge Rothstein will be sitting by the time of any decision.

The responses supporting transfer to New York, New Jersey, or California offer similarly unavailing arguments. While a greater number of T-Mobile customers may reside in another state, that has never been the deciding factor in determining the locus of an MDL because it would always favor more populous states in any nationwide litigation. For good reason, therefore, the relevant question for the Panel is which jurisdiction will result in "the conservation of the time and effort of the parties, attorneys, witnesses, and courts." *See* Manual for Complex Litigation (Fourth) § 20.131 (2004). Transfer to the Western District of Washington—the district where the Defendant and the Defendant's evidence are located—will conserve more time and effort for the parties, attorneys, and witnesses in this case than transfer to a district with more T-Mobile customers, especially where those customers are unlikely to ever be deposed or offer evidence. And while many plaintiffs assert claims under the recently-enacted California Consumer Privacy Act, there is ample precedent to support that federal courts are capable of deciding issues of state law that arise in jurisdictions outside of those in which they are located, and do so frequently.

Finally, although some filings suggest the Panel should abandon its longstanding practice of prioritizing the location of documents and witnesses as a primary consideration in picking a transferee court (*see, e.g.*, Dkt. No. 46 at 2; Dkt No. 60 at 5), there remain important reasons why

---

vacancies that the Judicial Conference has deemed judicial emergencies, and a weighted filings per judgeship of 598—the district has four pending MDLs. *See* MDL Statistics Report - Distribution of Pending MDL Dockets by District, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-15-2021.pdf.

the Panel should not ignore this factor. As a practical matter, even with the advent of Zoom depositions, in-person meetings and depositions will surely be necessary in this case, and consolidation in the Western District of Washington—central to most of the crucial witnesses and evidence—will be more convenient for the parties and witnesses.

Though the Western District of Washington is the most appropriate choice of transferee court, if the Panel finds that the Western District of Washington is too overburdened for an MDL, the Western District of Missouri is a suitable alternative. The Honorable Nanette K. Laughrey, who was assigned the only case filed in that District, is an excellent jurist who is more than capable of efficiently managing and overseeing this MDL. Alternatively, the Honorable Stephen R. Bough would also be an excellent choice as he efficiently manages his docket, has prior MDL experience, and the current MDL to which he is assigned has recently settled.

For the reasons set forth above and in Plaintiffs' initial motion, the Panel should grant Plaintiffs' motion for transfer of actions pursuant to 28 U.S.C. § 1407, and the related actions and any subsequently-filed actions containing similar allegations should be transferred to the Western District of Washington.

Dated: September 21, 2021

                                            Respectfully submitted,

                                            /s/ *Norman E. Siegel*
                                            Norman E. Siegel (Missouri Bar No. 44378)
                                            Barrett J. Vahle (Missouri Bar No. 56674)
                                            J. Austin Moore (Missouri Bar No. 64040)
                                            **STUEVE SIEGEL HANSON LLP**
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel: (816) 714-7100
                                            Fax: (816) 714-7101
                                            siegel@stuevesiegel.com
                                            vahle@stuevesiegel.com
                                            moore@stuevesiegel.com

Kim D. Stephens, P.S., WSBA #11984
Jason T. Dennett, WSBA #30686
Kaleigh N. Powell, WSBA #52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Tel: (206) 682-5600/Fax: (206) 682-2992
Email: jdennett@tousley.com
kstephens@tousley.com
kpowell@tousley.com

Daniel J. Mogin
Jennifer M. Oliver
Timothy Z. LaComb
**MOGINRUBIN LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

Jonathan L. Rubin
**MOGINRUBIN LLP**
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
jrubin@moginrubin.com

James Pizzirusso
**HAUSFELD LLP**
888 16th Street N.W., Suite 300
Washington, DC 20006
Telephone: 202-540-7200
jpizzirusso@hausfeld.com

Steven M. Nathan
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
snathan@hausfeld.com

*Counsel for Movants Veera Daruwalla, Michael March, and Lavicieia Sturdivant*

5