UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:            **December 2, 2021**

LOCATION OF HEARING SESSION:   Thurgood Marshall Federal Judiciary Building
                                                            One Columbus Circle, NE
                                                            Washington, DC 20544

TIME OF HEARING SESSION**:**            **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) to Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).   Parties and counsel involved in these matters need not participate in  the  Hearing  Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.  Note that the training session is not mandatory for attorneys who previously have attended a training session.

- 2 -

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 8, 2021**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on December 2, 2021, the Panel will convene a hearing session in Washington, DC, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton   Matthew F. Kennelly
David C. Norton       Roger T. Benitez
Dale A. Kimball       Madeline C. Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
December 2, 2021 -- Washington, DC

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3017 − **IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION**

Motion of plaintiffs Bayer Pharma AG, et al., to transfer the following actions to the United States District Court for the District of Delaware:

District of Delaware

BAYER PHARMA AG, ET AL. v. LUPIN LIMITED, ET AL., C.A. No. 1:21−00314
BAYER PHARMA AG, ET AL. v. DR. REDDYS LABORATORIES, LTD., ET AL., C.A. No. 1:21−00732
BAYER PHARMA AG, ET AL. v. TARO PHARMACEUTICAL INDUSTRIES LTD., ET AL., C.A. No. 1:21−01000
BAYER PHARMA AG, ET AL. v. TEVA PHARMACEUTICALS USA, INC., C.A. No. 1:21−01001

Northern District of West Virginia

BAYER PHARMA AG, ET AL. v. MYLAN PHARMACEUTICALS, INC., ET AL., C.A. No. 1:21−00099

MDL No. 3018 − **IN RE: NEC NETWORKS, LLC D/B/A CAPTURERX CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiff D.W. to transfer the following actions to the United States District Court for the Western District of Missouri:

Northern District of California

MENDOZA v. NEC NETWORKS, LLC, ET AL., C.A. No. 3:21−06146

  Western District of Missouri

D.W. v. WALMART INC., C.A. No. 4:21−00363

  Western District of Pennsylvania

BIDDLE v. THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, ET AL.,
 C.A. No. 2:21−00815

  Western District of Texas

TRUJILLO v. NEC NETWORKS, LLC, ET AL., C.A. No. 5:21−00523
VEREEN v. NEC NETWORKS, LLC D/B/A CAPTURERX, ET AL.,
 C.A. No. 5:21−00536
CAMACHO, ET AL. v. NEC NETWORKS, LLC, ET AL., C.A. No. 5:21−00979

  Northern District of West Virginia

TIGNOR v. CAMDEN−ON−GAULEY MEDICAL CENTER, INC., ET AL.,
 C.A. No. 2:21−00018
NEWMAN v. DAVIS HEALTH SYSTEM, INC., ET AL., C.A. No. 2:21−00019

MDL No. 3019 − **IN RE: T−MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION**

 Motion of plaintiffs Veera Daruwalla, et al., to transfer the following actions to the United States District Court for the Western District of Washington:

  Northern District of California

THANG v. T−MOBILE US, INC., C.A. No. 5:21−06473

  Northern District of Georgia

VASH v. T−MOBILE US, INC., C.A. No. 1:21−03384

  Eastern District of New York

METZGER v. T−MOBILE USA, INC., C.A. No. 2:21−04721

<u>Western District of Washington</u>

DARUWALLA, ET AL. v. T−MOBILE USA, INC., C.A. No. 2:21−01118
ESPANOZA, ET AL. v. T−MOBILE USA, INC., C.A. No. 2:21−01119

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2179 − **IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULFOF MEXICO, ON APRIL 20, 2010**

Opposition of plaintiff Sonja Johnson to transfer of the following action to the United States District Court for the Eastern District of Louisiana:

<u>Southern District of Alabama</u>

JOHNSON v. BP EXPLORATION & PRODUCTION, INC., ET AL.,
   C.A. No. 1:21−00312

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Gary Thick and David Hitchcock to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

<u>District of New Jersey</u>

THICK v. MEDICAL DEVICE BUSINESS SERVICES, INC., ET AL.,
   C.A. No. 3:21−16661
HITCHCOCK v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−17120

MDL No. 2592 − **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Sophie Hu, et al., to transfer of the following action to the United States District Court for the Eastern District of Louisiana:

<u>Northern District of California</u>

HU, ET AL. v. JANSSEN PHARMACEUTICALS, ET AL., C.A. No. 4:21−05990

MDL No. 2642 − **IN RE: FLUOROQUINOLONE PRODUCTS LIABILITY LITIGATION**

Motion of defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer HealthCare LLC to transfer the following action to the United States District Court for the District of Minnesota:

<u>Northern District of California</u>

MCKINLEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:21−06243

MDL No. 2738 − **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Shirley Williams to transfer of the following action to the United States District Court for the District of New Jersey:

<u>District of South Carolina</u>

WILLIAMS v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:21−03058

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of certain plaintiffs to transfer of their respective actions to the United States District Court for the Northern District of Ohio; opposition of defendant Hoffmann-La Roche Inc., to transfer of the *Rosen* action to the United States District Court for the Northern District of Ohio and request for separation and remand of claims against it; and motion of plaintiffs Andrew G. Riling, et al., for remand, pursuant to 28 U.S.C. § 1407(a), of the *Riling* action to the United States District Court for the Southern District of West Virginia:

<u>Western District of New York</u>

ERIE COUNTY MEDICAL CENTER CORPORATION, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:21−00826

<u>Eastern District of Pennsylvania</u>

HARTMAN v. SACKLER, ET AL., C.A. No. 2:21−02001

<u>Southern District of Ohio</u>

RILING, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−45056
  (S.D. West Virginia, C.A. No. 2:18−01390)

<u>Southern District of Texas</u>

ROSEN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:21−02734

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs James F. Saracco and Barbara Gaston and defendant City of Gustavus to transfer of their respective following actions to the United States District Court for the District of South Carolina:

District of Alaska

SARACCO, ET AL. v. STATE OF ALASKA, ET AL., C.A. No. 1:21−00015
GASTON v. STATE OF ALASKA, C.A. No. 4:21−00019

MDL No. 2875 − **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Betty Hall to transfer of the following action to the United States District Court for the District of New Jersey:

Southern District of Alabama

HALL v. TORRENT PHARMA, INC., ET AL., C.A. No. 2:21−00357

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

District of Minnesota

AITKEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01758
KNAUTZ, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01765
ALLGOOD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01767
CAMPBELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01894
BROWN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01896
SMITH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01897
REEZAYE v. 3M COMPANY, ET AL., C.A. No. 0:21−01905
HATFIELD v. 3M COMPANY, ET AL., C.A. No. 0:21−01907
MOORE v. 3M COMPANY, ET AL., C.A. No. 0:21−01908
WALLACE v. 3M COMPANY, ET AL., C.A. No. 0:21−01909
ADAMS v. 3M COMPANY, ET AL., C.A. No. 0:21−02067

MDL No. 2913 − **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Bryan Percella to transfer of the following action to the United States District Court for the Northern District of California:

<u>District of New Jersey</u>

PERCELLA v. JUUL LABS, INC., ET AL., C.A. No. 2:21−16543

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Elaine Harrell and petitioner Michael Bretholz to transfer of their respective following actions to the United States District Court for the Southern District of Florida:

<u>Eastern District of Missouri</u>

HARRELL v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 4:21−01119

<u>Southern District of New York</u>

BRETHOLZ v. GLAXOSMITHKLINE LLC, C.A. No. 1:21−mc−00698

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**
MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION**

Oppositions of defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; and West Virginia Board of Pharmacy to transfer of their respective following actions the United States District Court for the Northern District of Ohio in MDL No. 2804 and to the United States District Court for the Northern District of California in MDL No. 2996:

<u>Southern District of West Virginia</u>

J., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:21−00461
RUST, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:21−00449
M. P. v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:21−00463
K. D., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:21−00473

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Allen Williford, et al., and Walter Parker, et al., to transfer of their respective following actions to the United States District Court for the Southern District of Illinois:

Middle District of Florida

WILLIFORD, ET AL. v. SYNGENTA CROP PROTECTION, LLC, ET AL.,
  C.A. No. 8:21−02240

Southern District of Florida

PARKER, ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL.,
  C.A. No. 9:21−81791

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.